Your Honor, the first case on the docket this morning is 2-4-0-5-2-2. Danica Morra, plaintiff's attorney, v. State Farm Fire & Casualty Co. Defendant Appellini. Arguing on behalf of the attorney, Mr. David Eisenberg. Arguing on behalf of Mr. Appellini, Mr. Brian J. Talcott. Thank you. Mr. Eisenberg, you may proceed. Thank you very much, Your Honor. Good morning, Your Honors. Good morning. My name is David Eisenberg, and I represent the plaintiff appellant, Ann Arora. The issue before you today has been addressed seven times across four cases and has been resolved in the plaintiff's favor six of those seven times. This case is the only one where a judge decided that the plaintiff had not been You're talking about at the trial court level? Yes, at the trial court level. This case is the only one where a judge decided that the plaintiff had not complied with the suit limitations clause in the insurance policy at issue. The question for you today is whether the judges in McHenry County, who decided three of the four cases favorably, were correct, or whether the Lake County judge, who decided this case, was correct. Counsel, isn't this an issue relating to discretion? I do not believe this has to do with discretion. Then explain to me why not. This has to do with whether or not the plaintiff complied with the suit limitations clause in the insurance policy and whether the filing of the initial lawsuit in Cook County What's the difference between an action and a suit? I don't know. And that's why I think the policy is ambiguous. I think the term action is broader than suit. I think suit only refers to a lawsuit, whereas an action is much broader and can encompass many more things. Well, then, if that's the case, wouldn't the judge in Cook County have been wrong? I do believe that the judge in Cook County was wrong, yes. So it's not necessarily, I'm not defending McHenry County, my home county, but it's not necessarily McHenry County that might have been wrong. It might have been Cook County in the initial stages of this matter. I firmly believe that the Cook County judge was incorrect. And you did not appeal that decision? I ultimately did appeal it at the end of the case, and the appeal was dismissed. He does? I believe the motion dismissed.  Sorry? Was it untimely, your appeal? No, I believe the issue was that we had waived. I believe State Farm's motion attacked the appeal as that we had waived it by filing these cases separately. You're talking about in other counties other than Cook? That is correct. So after the cases were... So was it waived or was it moved? Or was it moved, yeah. If you don't recall, that's okay. I don't recall. Oh. The appellate court didn't issue a ruling other than an order saying that the appeal was dismissed. Did you ever use the term equitable tolling in your briefs or your motions? I do not believe so. The reason why I ask is it may or might have application here, but there's also a requirement that if you do claim that remedy or that analysis, that you have to also establish that you're diligent. So how diligent were you insofar as after the dismissal of the case in Cook County, did you file in the appropriate counties? I would say very diligent. I believe I had the McHenry County cases filed within two weeks. I believe that the Lake County case, which is the case at issue here, I filed it within two weeks, but it was initially rejected because I didn't have all the documents correct. So when was it filed? I believe the Lake County case was within a month after the dismissal. And is there a reason why you did not move to transfer? I requested within my response brief in Cook County that if the judge believed that the cases were improperly combined, that rather than dismissing them, that he sever the cases and transfer them. That was in my response brief. We didn't have oral arguments, unfortunately, so I didn't have an opportunity to explain to the judge there what the consequences would be of a dismissal. So his order did dismiss them and didn't take into consideration that request that they be severed. When did you file that? The Cook County case? No, your motion where you asked for a transfer. It was within a response brief filed in response to the motion to dismiss in Cook County. Was anything that happened in Cook County an adjudication on the merits? No, absolutely not. Was there anything in Cook County that might have resulted in some sort of an estoppel, either against you or the opposing party, the defendant? I have argued that State Farm waived its suit limitations clause based upon the proactive measure that it took of seeking to dismiss the claims. Could you explain that? So there is case law. It's Romano v. Morrisroe, which says that, I'm going to quote, in the area of insurance contracts, clauses imposing a period of limitations less than that required by the statute of limitations are strictly construed. They are allowed to be readily waived and slight circumstances will be held sufficient to constitute waiver of such stipulations. But what's the substance of the waiver? The substance of the waiver is by proactively pursuing a dismissal rather than seeking to have the cases severed and transferred to the appropriate venue. So you're saying it was State Farm's burden to bring a motion to sever? I don't think the burden was on them to do anything. Then why would that constitute any kind of a waiver? Well, I believe that they took a proactive action to have the case dismissed. Because of improper venue. Correct. They misjoined it. Right. But that is not a reason to have a case dismissed. I'm not sure if this is an anthememe where there's a premise that you haven't stated. But it seems to me that what you are saying is that a moving for a dismissal, any reasonable person would conclude that it would result in prejudice because the statute had run. Yes. And, therefore, the statute having run, it would be to your prejudice to even attempt to file suit without also having to file a responsive reply, arguing equitable tolling or estoppel or whatever, or error in the trial court's failure to exercise its discretion and sever and change venue or transfer under form nonconvenience or whatever. Yes, I agree. So it was essentially, based upon the chronology of events and the relative time periods regarding jeopardy, it was a logical conclusion to assume that you would be presumptively prejudiced or conclusively prejudiced. I agree, Your Honor. Okay. Okay. But you never raised any equitable argument in the trial court, correct? I've raised a lot of issues in the Lake County trial court. I believe I have raised equitable issues. You did here, didn't you? I did raise the issue of waiver. And what was your – what was the argument that you raised? It's what we've been discussing, that by proactively seeking a motion. So it's waiver.  That's what you raised. Yes. Not tolling. Correct. Yes. Okay. My question is a little simpler, Justice McClaren. Is there any indication in this record that State Farm was dragging their feet in negotiating resolution or trying to get you so close to the end of the line, so to speak, that this was a strategy of theirs? I have not made that argument in this case.  I here are. So, Your Honor, what I posit to you today is that Judge Berg and Judge Costello in McHenry County were correct and that we should follow their reasoning. I think you understand. We're not at liberty to accept what a different trial court did. Aren't we to follow case law by other – this district and others? Yes. And what Judge Berg and Judge Costello did was they relied on the case of Romano v. Morrisroe, and that's what I'm asking you to follow today. I've already read that quote, so I won't read it again. Both McHenry County judges ruled that strictly construing the policies limitation clause that the plaintiffs complied with the filing requirements when they timely filed suit in Cook County, notwithstanding the later dismissal. So that's what I'm asking. Let me ask you this. When did the plaintiff understand that her claim had been filed in the wrong county? It would have been when Safron brought the motion to dismiss. Prior to that, no one realized that the damaged property was in Lake and suit was filed in Cook? We knew that it was filed in Lake County. Personally, I believe that because State Farm does so much business in Cook County, that Cook County could be the appropriate venue for a lawsuit against State Farm. Even though the property and all of the witnesses would have been in a different county? Correct. I realize now that Lake County is obviously the much more convenient location. Okay. So your position is Cook County was the right place to file this all along? I think there were several correct places and Cook County was one, yes. Well, one of my favorite professors in law school was a tort professor. He was an adjunct professor. He basically was a plaintiff's lawyer, and he pointed out a trick, and that is that based upon the rules of venue, even though you may have been the defendant in an auto accident based upon the facts, if you sued the real plaintiff, you could choose where venue should be. And so based upon who sues whom, venue is determined by arbitrary rules. So when you said what you said, as far as I'm concerned, you're only half right. Because I think I could conjure up reasons why Cook County was the appropriate venue, and the first thing that comes to mind is that maybe, although I think State Farm is in Bloomington, Illinois, rather than Cook, so maybe I should withdraw my comments. The point is that the venue is decided by factors that aren't necessarily anything but arcane. And so when you made an admission, essentially, or you agreed with the statement, my mind was racing and I thought to myself, I'm not necessarily sure that that's true in every instance. So there was no analysis done as to whether Cook County was or was not the appropriate venue. The Cook County trial judge simply said it is not. Well, isn't that what they're paid to do, to make decisions? Yes, sir. Okay. And you did not appeal that at the time. Correct. You waited much later. Correct. It would have required three or four A language in order to appeal it, because it was not a full adjudication of the case because there still remained one plaintiff. You could have asked for that. I could have. Okay. Is there any reason why you did not non-suit that and refile it? I believe once State Farm had its motion to dismiss on file. So prior to that. Well, it wasn't until State Farm filed the motion that I understood it to be an issue. But it wasn't. Your position is the reasons articulated in the motion to dismiss were not a proper reason to dismiss a case. Correct. So you still then, on your argument, could have non-suited and given yourself an additional year to file. Right? I believe that State Farm could have had their motion heard, and we might not have been able to non-suit. I think that if there's a pending motion to dismiss or pending dispositive motion, that a voluntary dismissal can only be by agreement. But your position was their motion to dismiss should have been denied. Yes. You could have filed that and said my non-suit is fair because this motion to dismiss should be denied. No? I mean, it can't be granted, but it can be filed. I understand that. I get it. Non-suit is like an automatic right. But that would have been – anyway, you didn't, right?  You never filed that? Correct. My request was that the cases be severed or transferred. Was the motion a motion to dismiss or was it a motion for judgment on the pleading? The original motion in Cook County was a motion to dismiss based upon misjoinder of parties. And then when you transferred or when they were transferred to the other counties, that's where the motion on the pleadings was? Correct. Correct. Obviously, the cases were never transferred, which was the issue. They were dismissed and refiled. And, yes, and then there were – each of the four cases had its own motion for judgment on the pleadings. I know you're trying to move on, but I'm going back to my question. When the case was in Cook County, were there – does the record indicate that there was any negotiation with State Farm trying to settle these cases before the motion to dismiss was filed? At that time, State Farm did not engage in settlement discussions. We've been asking a lot of questions. I assume you had an oral argument to present. I'm happy to answer your questions. I didn't have much prepared, but I'm happy to continue. Okay. Well, I didn't want to forestall the opportunity to make arguments. No. Thank you. Thank you, Your Honor. Of course. Well, that is a first. I think, basically, your oral argument consisted of questions rather than oral arguments. I appreciate the lively discussion. Thank you very much, Your Honor. Okay. You'll have an opportunity to make your vote, sir. Much appreciated. Mr. Talcott, you may proceed. Thank you, Your Honor. It may have pleased the Court. My name is Brian Talcott on behalf of State Farm. The appellee in this matter, we respectfully ask the Court to affirm the judgment of the lower court, which correctly held that plaintiff's lawsuit in Lake County was untimely. It also correctly projected plaintiff's proposal, which is that because she filed, previously filed one lawsuit on time in Cook County, her subsequent lawsuit in Lake County was also timely. I'd like to start where Illinois law directs us to start, which is the policy language itself. The suit limitations clause does not establish a deadline merely for one lawsuit or the first lawsuit. It says that, quote, any action by any party must be started within one year after the date of loss. Applying that language, Illinois courts have made clear that although the clock pauses during the pendency of your first lawsuit, it begins to run again once that lawsuit is dismissed. This court itself offered a helpful example of that in a case called Picciotto v. RGB Riverboat, which is discussed on page 8 of our brief, where just like here, the plaintiff files. Is it C-I-E-R-S? P-I-C-C-I-O-T-O, and I'm sorry if that is not the correct pronunciation. Well, in that case, when was the, I mean, was there a motion, I don't recall, was there a motion to reconsider filed after the initial dismissal? That I don't think is in the written opinion of that case. Okay. If there was, would that not extend the time for the actual dismissal? No, I don't think so, Your Honor, because the minute the first lawsuit was dismissed, the clock started again, and then she ended up refiling in a different county just like here, and this court held that although the first lawsuit was timely, the second lawsuit was not timely. And the first district actually, excuse me, in Picciotto, this court cited a similar case out of the first district called Stephan v. Selvig Marine Toe, which is actually even closer to Alifax. In that case, the plaintiff, just like here, waited until the last day of the limitations period to file his first lawsuit. That first lawsuit was dismissed. He then went and filed in another county, and both at the trial level and at the first district court said, well, the second lawsuit is untimely as a matter of law. And, Your Honor, if plaintiff's rule is correct and that case law is all wrong, if the first lawsuit automatically renders the second lawsuit timely, then the clock never actually started to run again. On occasion, plaintiff frames this as, well, the first lawsuit put State Farm, quote, on notice, which is really just another way of saying the first lawsuit was good enough for purposes of subsequent lawsuits. The same could have been said in cases like Selvig and Picciotto where the first lawsuit put the defendant on notice, but both this court and the first district held that the second lawsuit was untimely as a matter of law. In your argument, is there a time based upon when the loss occurred and when Cook County was dismissed that this lawsuit in Lake County should have been filed? Because it filed on the last day, it would have had been filed on the day it was dismissed, and I know that was something that was discussed previously was how many days late was this. The Plaintiff's McHenry County suit was dismissed on February 24th of 2023. It was refiled on April 13th of 2023, so it was about 48, 49 days late. What is the difference between an action and a suit? There is none, Your Honor. The suit limitations clause here is actually titled Suits Against Us. There is no difference between an action and a suit? For purposes of a suit limitations clause, when it says action, that's referring to a lawsuit, and we know that because Illinois statutes limitation uses the same language. It says any action must be started within X days. So would it be more precise to say that it's a cause of action must be commenced rather than an action? No. To me, Your Honor, a cause of action is a claim within a complaint of a lawsuit, and so the action refers to the lawsuit itself. Well, if what you said is of relevance, then how does race judicata even come into the scenario such that if the action is dismissed, how can you tell whether or not race judicata applies? I don't think race judicata applies in this case, Your Honor. I think the Plaintiff's correct on that. The first case in Lake County, or excuse me, Cook County, was not decided on the merits, and the Lake County court did not apply race judicata to bar the claims. He applied the suit limitations clause. So I don't think race judicata is applicable here. Well, the point is, is that race judicata is based upon a set of transactional facts. If the facts aren't the same, then race judicata never applies. And so the reason why I'm asking you is, if the cause of action is identical, then if it's dismissed in one place, race judicata could apply. If, in fact, it is claimed in the new motion to dismiss in the new proceeding in whatever other county it is, is that the same transactional set of facts indicates that race judicata applies, and that should preempt any argument about whether or not tolling should or shouldn't apply. I agree that it is the same set of facts, and under that analysis that it would bar it. My understanding of race judicata is there is an element of deciding those on the merits, and in the Cook County case, it was not decided on the merits. No, because if the case is dismissed and the transactional facts are the same, and when I say dismissed, I mean dismissed with prejudice.  That's race judicata. Understood. Okay? Now, that judgment, even though it may have claimed to be with prejudice, it isn't a final judgment until the appellate process is terminated or expires. Then it becomes what I call a final, final judgment. It can't be attacked. Race judicata applies. Estoppel by judgment applies. Collateral estoppel applies. So that's the reason why it's significant that if you say an action is a cause of action, then the transactional circumstances or set of facts is relevant to establish whether or not he's either in or out on the basis that it's a new lawsuit and therefore race judicata can't apply. That analysis makes sense to me, Your Honor, and I think that would be an independent reason to bar the second lawsuit in addition to the untimeliness under the suit limitations clause. As to timeliness, I would like to address the Illinois savings statute. The Illinois legislature has created exceptions that save what would otherwise be an untimely second lawsuit. The savings statute is the most obvious example. It takes the begins-to-run-again rule and carves out six narrow exceptions that save what is otherwise an untimely second lawsuit. In other words, the entire premise of the savings statute is that just because the plaintiff filed one lawsuit on time, that doesn't make the second lawsuit timely. If plaintiff's theory is correct, then we don't need the savings statute anymore because the first lawsuit already made the second lawsuit timely, regardless of the specific type of dismissal. Here again, cases like Selvig and Piccio are helpful because in those cases... Well, there's a case called Clay v. Kuhn that related to whether or not there was a timely filing of a sexual assault complaint by a minor. And there is, I believe, dicta in the case that says that equitable coding applies in cases where a plaintiff has picked the wrong forum to file a cause of action. And that seems to generally fit the facts in this case to the extent that it was misjoined. And it was misjoined because people were in the wrong forum or the case was in the wrong forum based upon the residences of the plaintiffs. And so based upon the dicta in Clay v. Kuhn, it would seem that the filing in Cook County for purposes of equitable tolling would be sufficient to see to it that if there was diligence, which is a requirement of equitable tolling, it's a factor that must be considered and found in favor of the plaintiff or the person who's seeking relief, then they're entitled to relief. And so it's, I'm trying to deal with if the cause of action or the action that was filed in Cook County has the same set of transactional facts as what was filed in any other county and it was dismissed on the grounds that the trial court used to justify the dismissal, then why doesn't Clay v. Kuhn apply? I'm happy you brought up equitable tolling, Your Honor. It's funny. I was listening to one of your arguments for, one of this Court's arguments from last week, and equitable tolling actually came up at oral argument. And I don't know which Justice, I didn't catch which Justice mentioned it. What Court was it? This Court. And the case was McNulty v. Lapp. It was argued on last week. And I'm sorry, I don't know. McNulty v. Lapp? Yes. That was Joe Burkett. Robert Mullen and me, Justice McClary. And it might have been you, Your Honor, that brought up equitable tolling and noted that it's not clear if Illinois law even recognizes equitable tolling in the first place. I think one of your Honors mentioned that they had found one case that had ever applied equitable tolling in Illinois. There is one case. It's called Williams v. The Border Review. Yes. And I believe there's an Eighth Circuit case. It's actually cited on page 37 of the record that, as of 2020, found two cases in Illinois for the proposition of equitable tolling. Well, Clay v. Kuhn recognized the protocol, recognized that, in appropriate circumstances, equitable tolling would apply, but determined on the merits of the factual circumstances of the Clay v. Kuhn case that the facts weren't there. So in one case, the facts were there, and the Supreme Court sustained equitable tolling. And in the other case, equitable tolling was defined and analyzed and found to be wanting in the request for relief because the facts didn't support it. So it was recognized in two cases, at least, that this relief does exist. The only point is, is that one was successful and the other wasn't. Your Honor, and I would like to address equitable tolling first from a procedural standpoint. Your Honor was correct that equitable tolling was never argued in Lake County or on this appeal, and that was not for lack of opportunity. The Lake County judge gave plaintiffs three additional briefs to make argument. It doesn't appear in any of those, and it hasn't appeared on appeal. On the merits, though, I think there's a lot of facts here that cut against equitable tolling, namely the amount of opportunities that plaintiff had to avoid the situation that they're in now. They could have saved themselves additional time before filing the lawsuit. Once the lawsuit was filed, as Your Honor mentioned, it could have been voluntarily dismissed before the motion to dismiss, after the motion to dismiss, before the court made a ruling. After the court did make a ruling, plaintiff could have sought a motion to reconsider. And there is another point I wanted to address. Counsel said that they requested a transfer in Cook County. The word transfer doesn't appear in their response to the motion to dismiss. They asked for a sever, which would keep all of the cases in Cook County. The word transfer does not appear in their response. They later, after a year of litigating in Lake County, went back, filed a motion to reconsider in Cook County and asked to transfer, but it didn't appear anywhere. So are you claiming forfeiture or are you claiming lack of diligence or what do you mean? I think it would be both, Your Honor. The fact that they forwent all of those options and litigated in Lake County for almost a year, I think is both forfeiture and a lack of diligence. On the topic of equitable tolling, I do think that there is a risk that it becomes a catch-all for what the savings statute does not capture. So the savings statute has six specific types of dismissals that warrant extending the deadline. Misjoining their dismissals is not one of those. But venue would be if venue was the real issue. Partially correct, Your Honor. One of the exceptions under the savings statute is improper venue when it was previously before a United States district court, which is another problem here. The Cook County's dismissal was not for improper venue. Even assuming it was an improper venue dismissal, it was never before a United States district court. So that's another reason that the savings statute does not apply. And if I may, Your Honor, just one brief comment. The court addressed, Illinois Supreme Court addressed a similar issue in a case called DeClercq v. Simpson, where at that time the savings statute had five exceptions. The last one for improper venue before a United States district court was not there, and that was the one they needed in that case. And the Supreme Court said, quote, whether or not it would be good public policy to legislatively include other types of dismissals in the savings statute is an issue for the legislature. So if the Illinois legislature thinks that misjoinder dismissals is another type of dismissal that warrants being in the savings statute, that would be for the legislature to decide. Why do you believe that Romano v. Moristro I don't care what the McHenry County judges did, that's not the issue. Why do you think that it does not apply? Thank you, Your Honor. I appreciate that. And that is important because it's the sole basis for plaintiff's theory that filing one lawsuit on time means the second lawsuit is also timely. Romano was a waiver case that merely reiterated long-established rules for how an insurance company, during the adjustment of an insurance claim, can waive the limitations deadline. I'm happy to go over the facts in that case. Basically, it was a malpractice case where the lawyer failed to file suit against the insurance company on time. The question was when that malpractice claim accrued. To answer that question, the court noted that limitation periods are, quote, allowed to be readily waived under a strict construction. Now, from that quote, as plaintiff's counsel noted, they have extrapolated that the suit limitations clause is, which is a standard insurance provision, is now ambiguous and must be strictly construed against State Farm. And I think that's misplaced for four reasons. Just briefly, first, Romano, again, is a case about waiver that had nothing to do with the meaning of the limitations clause. Two, Illinois courts only strictly construe insurance provisions when they are ambiguous. And here, Illinois courts have not only found that this exact suit limitations clause is unambiguous, but they've applied it in plenty of cases. And then third, Your Honor, if the suit limitations clause is ambiguous, then so are Illinois statutes of limitations, which, like I said, use almost identical language as State Farm's policy here. And finally, even if there were an ambiguity, that wouldn't end the analysis. We would still need to decide what the meaning of the suit limitations clause is under that quote-unquote strict construction. Yet the suit limitations clause cannot be so strictly construed that the new meaning becomes irreconcilable with Illinois law, including the begins-to-run-again rule, along with the Illinois savings statute. I believe there was another case. I think it was an appellate court case where a child, after reaching 18, I think probably two years thereafter at least, found out that she had a father because her mother had lied to her about her putative father dying. And so this girl was under the delusion or the false impression that there was never a reason to file suit to declare paternity because the man was dead. Later she found out that they were lying to her. Everybody in the family apparently was lying to her. And so what ended up happening was she was allowed to bring suit on the basis of equitable tolling, on the basis that if the circumstances were such that she had extraordinary circumstances is the way they phrase it, that she should be allowed to have her case in court. And the other thing was she had to prove that she was diligent. And she proved she was because as soon as she found out, she filed within months or whatever. So there are other cases where equitable tolling has been granted. It's just there are only two Supreme Court cases that I'm aware of, and one granted and the other one didn't grant it but recognized the cause of action or the right to relief in equity. So any other questions? No, sir. Thank you. Thank you, Your Honor. Mr. Eisenberg, you may proceed. Thank you, Your Honor. Your Honors, today I'm asking you to adopt the McHenry County judge's rulings, which I believe comport with the reasoning and rationale of numerous statutes and rules, all that encourage cases to be decided on the merits. Furthermore, every purpose of a limitations period was achieved here where State Farm was on notice of the action within the limitations period. Are you actually saying you're saying they were on notice? Counsel says you're saying that the fact that the first suit was filed is sufficient because it was timely. Is that what you're saying? I'm sorry. Well, you say they're on notice. State Farm's on notice by virtue of the first. Yes. I thought counsel, opposing counsel, said that by virtue of the filing of the first, that alone is sufficient to extend your limitations period. Is that your argument? By filing the first lawsuit, it complied with the policy provision. That is what I'm arguing, yes. It filed the lawsuit. But by notice, you're saying. They were notified that you were going to file this suit, period. No. I believe the actual filing of the lawsuit fulfills the obligation to commence an action. I believe the we commenced a breach of contract action. And that's where the ambiguity of the insurance policy comes into play as to what does action mean as opposed to suit. Because there is one clause where they only use the term action. That's the applicable clause. And there's another clause elsewhere in the contract where they say suits or actions. So obviously, State Farm believes there's a difference between the two. And so that's why I believe there's an ambiguity in the cause of issue. Did you file a suit or an action? We filed a lawsuit. I mean, I believe a lawsuit is also a cause of action. But I think action. So from your perspective, then they are the same thing. No, I believe that the term action. So which did you file? We filed a lawsuit in Cook County. And I believe that fulfills the action requirement. Because I think action is a much broader term. So I believe in the ‑‑ I would define it as filing of the breach of contract action fulfills the action requirement. But, again, I believe that the insurance policy is ambiguous on that point. Furthermore, State Farm wants to make this case more than it is and suggests that statutes and rules regarding limitations periods will be made meaningless. Not so. This is a very limited issue and a very unique case that will have little application outside of this case. It applies to the application of contractual limitations periods in insurance policies. And that's it. There's actually another very appropriate quote from Romano v. Morrisroe that says, a contractual limitations period is a different animal from a statute of limitations period. This is especially so in the world of insurance policy contracts, as opposed to statutes of limitations where waiver and estoppel are readily found. So I believe that most of the points that State Farm makes with respect to statutes of limitation are irrelevant. We need to be focusing on the fact that this is a contractual limitations period within an insurance policy, which is strictly construed. And that's what the McHenry County judges did. They strictly construed the insurance policy against the insurance company. So today, again, I ask you to subscribe to the rulings of Judge Berg and Judge Casello following Romano v. Morrisroe and permitting the refiling of plaintiff's action as timely. Thank you, Your Honors. Thank you. Any questions? No, sir. We have another case on the court call, so we'll take a short recess. All rise.